IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FOUNDATION FOR LOST BOYS AND GIRLS OF SUDAN, INC., NATHANIEL CHOL NYOK, BOL DENG BOL, GAM DAY AWINO, EMMANUEL GAI SOLOMON, STEPHEN AKECH KUOL, LUKA THIIK YAI, GABRIEL GAI MAGOK, MAKUR MAKUEI ABIAR, JAMES CHIER MALUAL, ANDREW MAJOK MARIER, ANGELO AGANY AKOT, MOSES MATUR CHOL, JAMES CHOL ACHIBER, MAROL DENG DEU, KUIR GARANG MARIER, JOHN NUAI WOUR, JACOB AWENG DEU, JOHN GARANG DAU, ABRAHAM CHIER AROP, NGOR KUR MONYOL, PETER MALOU JOK, DENG MANYANG RIAK, SANTINO ACHIEK AYOL, DAU GOI LEEK, ERNEST AKUEI MADUT, JAMES AJANG YAI, JACOB NYANG ALIER, GABRIEL GARANG THUCH, JACOB AKOL KUANY, JACOB DENG MACH, VICTOR DUANG DENG, ABRAHAM CHOL MACHOL, ABRAHAM LAAT DENG, JOHN MANYOK ANYIETH, DAVID DENG ANYIETH, JOHN MADING JOK, ABRAHAM GARANG MAJAK, SANTINO DUT MONYNHIAL, ABRAHAM BOL KUANY, PETER KUOL MADING, DENG MACHOT DENG, MARKO AGUER AYII, MAYOM LAT MAWUT, SIMON AYUEL DENG, WILLIAM LUAL DENG, PHILEMON JUAC GOR, PETER M. ADOL, JAMES | CIVIL ACTION FILE NO.<br><br>1:15-CV-00509-LMM |

1

BOL MALIET, ABRAHAM MAJOK )
DENG, ABRAHAM YEL NHIAL, )
SARAH ABIEI SOLOMON, and )
ABRAHAM MACH NYOK, )
)
      Plaintiffs, )
)
v. )
)
ALCON ENTERTAINMENT, LLC, )
IMAGINE ENTERTAINMENT, LLC, )
GOOD LIE PRODUCTIONS LLC, )
BLACK LABEL MEDIA, LLC, RELIANCE )
BIG ENTERTAINMENT (US), INC., )
OUTLAW PRODUCTIONS, DEBORAH )
JELIN NEWMYER, as executrix of the )
Estate of Robert Newmyer, JEFFREY )
SILVER, and MARGARET NAGLE, )
)
      Defendants. )

## SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### I.   Argument and Citation of Authority

In their Reply brief, Defendants assert that Plaintiffs conceded their claims against the corporate Defendants for unjust enrichment and quantum meruit by not "address[ing] the unjust enrichment and quantum meruit claims" that Defendants moved to dismiss in their principal brief. [Reply Br. at 7.[1]] In truth, Plaintiffs

---

[1] The Court need not reach the Plaintiffs' alternative unjust enrichment claim if it finds the Plaintiffs' Complaint plausibly gives rise to an entitlement to relief against the Defendants for breaching the joint venture agreement by producing the

2

devoted two pages of their opposition brief responding to the section of Defendant's principal brief that argued for the dismissal of "Plaintiffs' Claims of . . . Unjust Enrichment, and Quantum Meruit." [Compare Plaintiffs' Opposition Brief at 28-29 to Defendants' Principal Brief at 24-27.]

Thus, Defendants really contend that Plaintiffs waived their claims for unjust enrichment and quantum meruit by not *also* responding directly to a few sentences tacked onto the end of Defendants' principal brief—sentences containing neither citation to authority nor substance:

> Plaintiffs' eleventh claim, for Unjust Enrichment, claims that Plaintiffs (or their corporation) conferred a benefit on the Corporate Defendants, but there are not facts to support this theory, and the only interaction between any of the Plaintiffs and any representatives of the corporate defendants was a short meeting in 2013 during which no benefits of any kind or nature were conferred.

---

screenplay for the movie *The Good Lie* without the Lost Boys' consent. *See Cochran . Ogletree,* 244 Ga. App. 537, 538 (2000.) And the Complaint plausibly establishes the Defendants breached the joint venture agreement. In particular, it alleges the Contributing Lost Boys and the Defendants entered into a joint venture for the creation of a screenplay by combining their labor and property in an undertaking for profit with rights of mutual control, which the Defendants then breached by producing the movie *The Good Lie* without the Lost Boys consent. *See* Compl. ¶¶ 117-128;176-193; *see also, Durkin v. Platz,* 920 F.Supp.2d 1316 (N.D. Ga. 2013) (where the Court held that joint authors of a manuscript entitled "The Snow White Ladies of the Third Week," had formed a partnership for the purpose of creating a screenplay, which precluded the Plaintiffs, under both contract and copyright law, from using the manuscript to produce a movie without the Defendants' consent;) *see also, Murphy, Taylor, Ellis v. Williams,* 223 Ga. 99, 102-103 (1967) (applying partnership agency principles to a joint venture).

3

> Similarly, Plaintiffs' thirteenth claim, for *quantum meruit,* asserts that Plaintiffs "performed services valuable to" the Corporate Defendants. Again there are not facts to support this conclusion and no services were performed by the Plaintiffs for the Corporate Defendants.

[Principal Br., p. 31]. Plaintiffs' Response addressed this shotgun argument Defendants tacked onto the final section of their principal brief with one overall argument: the corporate Defendants, by acquiring rights from Defendants Nagle, Newmyer, and Outlaw Productions, also assumed their obligations to the Plaintiffs.

There is no legal theory under which a party is required to respond in detail to conclusory arguments. To the contrary, courts highly disfavor conclusory arguments. *See e.g., United States v. Arellano*, 548 F. App'x 283, 284 (5th Cir. 2013) ("the failure to provide citations to the record and to offer legal analysis beyond conclusory arguments also constitutes grounds for sanctions"); *Coghlan v. Starkey*, 852 F.2d 806, 809 (5th Cir. 1988) (approving sanctions when a party "argue[d] the merits in the most conclusory fashion . . ."); *Stoudmire v. Tucker*, 2011 WL 5426239 (N.D. Fla. Aug. 30, 2011) (holding that a merely conclusory argument is waived); *Hernandez-Monzon v. U.S. Att'y Gen.*, 323 Fed. App'x 835 (11th Cir. 2009) (noting that the Court "might be inclined to treat . . . a conclusory argument as abandonment," but declining to do so because the "merits of the issue are so clear").

Perhaps owing to this reason, the Defendants are unable to identify any cases supporting their waiver argument. Instead, Defendants cite to cases where a party failed to respond to a *substantive* argument raised in a movant's brief. In *Westlake v. Abrams*, 575 F. Supp. 58, 60 (N.D. Ga. 1983), the defendant had made the substantive argument that no private right of action existed for the plaintiff, either explicitly or implicitly through CFTC regulations. *Id.* at 60-61. The Court noted that the plaintiff's class representative had "apparently concede[d] these points because he filed no opposition to [the defendant's] arguments."

Likewise, *Glass v. Lahood*, 786 F. Supp. 2d 189, 210 (D.D.C. 2011), involved a straightforward application of waiver where a party failed to respond to a substantive argument. In that case, the defendant (the National Highway Transportation Safety Board) raised an exhaustion of remedies argument in its opening memorandum, which the defendant failed completely to respond to. *Id.* at 210. The Court, accordingly, concluded that the defendant had conceded the point. *Id.*

These waiver cases are entirely inapposite to the issue here: Plaintiff's purported failure to respond to an *ipse dixit* argument concerning unjust enrichment and quantum meruit. In sum, Defendants attempt to force the square peg of waiver

into the round peg of failing to respond in detail to a conclusory argument fails as a matter of law.

## II. Conclusion

For the reasons set forth above and in Plaintiffs' initial response brief, this Court should deny Defendants' Motion to Dismiss.

Respectfully submitted this 2nd day of September, 2015.

        **GRAHAM & JENSEN, LLP**

        /s/ Jason W. Graham
        Jason W. Graham
        Georgia Bar No. 304595
        Zachary Lewis
        Georgia Bar No. 689146
        zlewis@grahamjensen.com
        Jeffrey Abrams
        Georgia Bar No. 794862
        jabrams@grahamjensen.com

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Phone: (404) 842-9380
Fax: (678) 904-3110

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FOUNDATION FOR LOST BOYS AND ) <br> GIRLS OF SUDAN, INC., NATHANIEL ) <br> CHOL NYOK, BOL DENG BOL, GAM ) <br> DAY AWINO, EMMANUEL GAI ) <br> SOLOMON, STEPHEN AKECH KUOL, ) <br> LUKA THIIK YAI, GABRIEL GAI ) <br> MAGOK, MAKUR MAKUEI ABIAR, ) <br> JAMES CHIER MALUAL, ANDREW ) <br> MAJOK MARIER, ANGELO AGANY ) <br> AKOT, MOSES MATUR CHOL, JAMES ) <br> CHOL ACHIBER, MAROL DENG DEU, ) <br> KUIR GARANG MARIER, JOHN NUAI ) <br> WOUR, JACOB AWENG DEU, JOHN ) <br> GARANG DAU, ABRAHAM CHIER ) <br> AROP, NGOR KUR MONYOL, PETER ) <br> MALOU JOK, DENG MANYANG RIAK, ) <br> SANTINO ACHIEK AYOL, DAU GOI ) <br> LEEK, ERNEST AKUEI MADUT, JAMES ) <br> AJANG YAI, JACOB NYANG ALIER, ) <br> GABRIEL GARANG THUCH, JACOB ) <br> AKOL KUANY, JACOB DENG MACH, ) <br> VICTOR DUANG DENG, ABRAHAM ) <br> CHOL MACHOL, ABRAHAM LAAT ) <br> DENG, JOHN MANYOK ANYIETH, ) <br> DAVID DENG ANYIETH, JOHN ) <br> MADING JOK, ABRAHAM GARANG ) <br> MAJAK, SANTINO DUT MONYNHIAL, ) <br> ABRAHAM BOL KUANY, PETER KUOL ) <br> MADING, DENG MACHOT DENG, ) <br> MARKO AGUER AYII, MAYOM LAT ) <br> MAWUT, SIMON AYUEL DENG, ) <br> WILLIAM LUAL DENG, PHILEMON ) <br> JUAC GOR, PETER M. ADOL, JAMES ) | CIVIL ACTION FILE NO. <br><br> 1:15-CV-00509-LMM |

7

BOL MALIET, ABRAHAM MAJOK )
DENG, ABRAHAM YEL NHIAL, )
SARAH ABIEI SOLOMON, and )
ABRAHAM MACH NYOK, )
)
      Plaintiffs, )
)
v. )
)
ALCON ENTERTAINMENT, LLC, )
IMAGINE ENTERTAINMENT, LLC, )
GOOD LIE PRODUCTIONS LLC, )
BLACK LABEL MEDIA, LLC, RELIANCE )
BIG ENTERTAINMENT (US), INC., )
OUTLAW PRODUCTIONS, DEBORAH )
JELIN NEWMYER, as executrix of the )
Estate of Robert Newmyer, JEFFREY )
SILVER, and MARGARET NAGLE, )
)
      Defendants. )

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing **PLAINTIFFS' SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically notify the following attorneys of record:

    William T. Mitchell, Esq.
    Cruser & Mitchell, LLP
    Meridian II, Suite 2000
    275 Scientific Drive
    Norcross, Georgia  30092

David Grossman, Esq.
Loeb & Loeb, LLP
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067

Further, I certify that the foregoing document has been prepared with Times New Roman 14-Point font, as approved in LR 5.1C.

Respectfully submitted this 2nd day of September 2015.

**GRAHAM & JENSEN, LLP**

/s/ Jason W. Graham
Jason W. Graham
Georgia Bar No. 304595
jgraham@grahamjensen.com
Zachary Lewis
Georgia Bar No. 689146
zlewis@grahamjensen.com
Jeffrey Abrams
Georgia Bar No. 794862
jabrams@grahamjensen.com

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Phone: (404) 842-9380
Fax: (678) 904-3110