# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FOUNDATION FOR LOST BOYS AND GIRLS OF SUDAN, INC., NATHANIEL CHOL NYOK, BOL DENG BOL, GAM DAY AWINO, ET AL. | ) ) ) ) | CIVIL ACTION FILE NO.<br><br>1:15-CV-00509-LMM |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ALCON ENTERTAINMENT, LLC, IMAGINE ENTERTAINMENT, LLC, GOOD LIE PRODUCTIONS LLC, BLACK LABEL MEDIA, LLC, RELIANCE BIG ENTERTAINMENT (US), INC., OUTLAW PRODUCTIONS, DEBORAH JELIN NEWMYER, as executrix of the Estate of Robert Newmyer, JEFFREY SILVER, and MARGARET NAGLE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response:** Plaintiffs hereby incorporate the Court's summary of facts and legal claims in the Order granting in part, and denying in part, Defendants' motion to dismiss entered March 22, 2016 as Docket #32.

(2) Describe in detail all statutes, codes, regulations, legal principles,

standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response:**   Plaintiffs hereby incorporate the Court's summary of statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law in the Order granting in part, and denying in part, Defendants' motion to dismiss entered March 22, 2016 as Docket #32.

(3)     Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:**   Plaintiffs identify each named plaintiff and indicate that each plaintiff may be contacted through counsel.  Plaintiffs further refer to Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support

2

your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and description to Initial Disclosures as Attachment C.)

(6) In the space provided below, provide a computation of any category of damages claimed by you.  In additions, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:**   Plaintiffs are still developing their research as to damages issues, but do not believe that Plaintiffs' damages will be limited by the purported lack of economic success of the movie under the state law tort claims (see below), including fraud, fraudulent inducement, breach of fiduciary duty, and conversion of ideas. These are all intentional torts.

The measure of damages for such tort claims in Georgia is often "the enlightened conscience of a fair and impartial jury."  As the 54 individual Plaintiffs have assigned their contract claims to the foundation (tort claims are not assignable under Georgia law), their remaining injuries are entirely to their wounded feelings

under O.C.G.A. § 51-12-6.  Our Court of Appeals recently explained that damages for "wounded feelings" were in fact "actual damages" under Georgia law:

> According to [defendant], damages for "wounded feelings" under OCGA § 51–12–6 are not "actual damages" and thus could not be recovered by [plaintiff] for her fraud claim. We disagree.  As we have recently reiterated,
>
>> [i]n order to recover for fraud, a plaintiff must prove that actual damages, not simply nominal damages, flowed from the fraud alleged. The expression "actual damages" is not necessarily limited to pecuniary loss, or loss of ability to earn money. General damages are those which the law presumes to flow from any tortious act, and they may be awarded on a fraud claim. Wounding a man's feelings is as much actual damage as breaking his limbs. Injury to reputation is a personal injury, and personal injury damages can be recovered in a fraud action.

(Emphasis in original.) Kelley v. Cooper, 325 Ga. App. 145, 150(4)(c), 751 S.E.2d 889 (2013), quoting Zieve v. Hairston, 266 Ga. App. 753, 759(2)(c), 598 S.E.2d 25 (2004). See also Johnson, 292 Ga. App. at

83(1), 663 S.E.2d 779. Thus, we have held that recovery for "wounded feelings" under OCGA § 51–12–6 is permitted for fraudulent misrepresentation where, as here, the plaintiff claims that the entire injury she suffered from the misrepresentation was to her peace, happiness, or feelings. See <u>Mallard v. Jenkins</u>, 186 Ga.App. 167, 168(1), 366 S.E.2d 775 (1988). Compare <u>Kent v. White</u>, 238 Ga.App. 792, 794(1)(c), 520 S.E.2d 481 (1999) (plaintiff could not recover damages under OCGA § 51–12–6 for fraud because "at no point did [the plaintiff] claim that the entire injury to him was to his peace, happiness, or feelings"). It follows that the trial court did not err in determining that Hinson could recover damages under OCGA § 51–12–6 on her fraud claim and in denying Pampattiwar's motion for new trial.

<u>Pampattiwar v. Hinson</u>, 326 Ga. App. 163, 170-71, 756 S.E.2d 246, 252-53 (2014), cert. denied (June 2, 2014); <u>see also</u> <u>T.C. Prop. Mgmt., Inc. v. Tsai</u>, 267 Ga. App. 740, 741, 600 S.E.2d 770, 772 (2004) (internal quotations and citations omitted) ("Moreover, the question of damages is ordinarily one for the jury. With regard to a breach of fiduciary duty, while mere difficulty in fixing the exact amount would not prevent recovery, the rule against the recovery of vague, speculative, or uncertain

damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages.").

Moreover, a number of plaintiffs' tort and contract claims allow them to claim "nominal damages" under Georgia law. "Nominal" does not mean "small" under Georgia law.  Georgia's Court of Appeals has explained:

> O.C.G.A. § 51-12-4 reads: "Damages are given as compensation for injury; generally, such compensation is the measure of damages where an injury is of a character capable of being estimated in money. If an injury is small or the mitigating circumstances are strong, nominal damages only are given." "The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages. Williams v. Harris, 207 Ga. 576(2), 63 S.E.2d 386 (1951); Weimer v. Cauble, 214 Ga. 634, 636, 106 S.E.2d 781 (1959)." Ga. Power Co. v. Womble, 150 Ga. App. 28, 32(3), 256 S.E.2d 640 (1979); see also Batson v. Higginbothem, 7 Ga. App. 835, 68 S.E. 455 (1910). "[N]ominal damages are always allowed for any tortious invasion of a property right, though no actual damage results therefrom. [Cit.]." Williams v. Harris, supra at 579, 63 S.E.2d 386. Fraud or breach of a legal duty may give rise to nominal damages; "[e]ven if [plaintiff]

6

suffered only nominal damages by them, the question of damages is for

the jury." <u>Holmes v. Drucker</u>, 201 Ga. App. 687, 689(2), 411 S.E.2d

728 (1991); <u>see also</u> <u>Peters v. Hyatt Legal Svcs.</u>, 211 Ga. App. 587,

590(1), 440 S.E.2d 222 (1993). Nominal damages are not limited to a

small amount; "[a] plaintiff may recover nominal damages not only

where his actual damages are minute, but also where he has not proved

his actual damages by a preponderance of the evidence to the

satisfaction of the jury." <u>Miller & Meier & Assoc. v. Diedrich</u>, *supra* at

254, 329 S.E.2d 918.

<u>U.S. Fid. & Guar. Co. v. Paul Associates, Inc.</u>, 230 Ga. App. 243, 251-52, 496 S.E.2d

283, 291-92 (1998).

Plaintiffs believe that the movie would have done much better, and raised

much more money for charity, if my they had been involved in the launch and

promotion of the movie.  Plaintiffs damages include, but are not limited to, the

following:

(i)     A standard co-writer fee for helping write the script (we believe Ms.

        Nagle was paid $350,000);

(ii)    A percentage of gross revenue or net profits to be proven by expert testimony, likely to have been negotiated if the agreement had been honored;

(iii)    Disgorgement of profits;

(iv)    Expectation damages relating to the above based on projections, shown by experts, on how much money the movie could have made if defendants (and the studios) had done the right thing;

(v)    Expectation damages equaling the amounts contributed/raised by "The Good Lie Fund", as well as amounts (proven by experts) that could have been raised if the film had been released in partnership with the plaintiffs as originally envisioned and agreed;

(vi)    Nominal damages (which does not mean "small" in Georgia);

(vii)    Damages for injuries to feelings, happiness, etc., basically pain and suffering (see below);

(viii)    Attorneys' fees and expenses (already in six figures); and

(ix)    Punitive damages in an amount "to be determined by the enlightened conscience of a fair and impartial jury."

Georgia's Court of Appeals has long held that "a legitimate award of damages for an intentional tort, such as trespass or intentional conversion, generally will support a claim for expenses under O.C.G.A § 13–6–11 ' 'under the theory that the intention

8

evokes that 'bad faith' necessary for recovery under' ' the statute." <u>Rossee Oil Co., Inc. v. Bell South Telecommunications, Inc.,</u> 212 Ga. App. 235, 236, 441 S.E.2d 464 (1994) (quoting <u>Wisenbaker v. Warren,</u> 196 Ga. App. 551, 552(2), 396 S.E.2d 528 (1990).

(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.  **Response:** Not applicable.

Respectfully submitted this 31st day of May, 2016.

**GRAHAM & JENSEN, LLP**

<u>/s/ Jason W. Graham</u>
Jason W. Graham
Georgia Bar No. 304595
Mary Meyer
Georgia Bar No. 427356
Jeffrey Abrams
Georgia Bar No. 794862
   Attorneys for Plaintiffs

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115

Atlanta, Georgia 30329
Phone: (404) 842-9380
Fax: (678) 904-3110

## <u>ATTACHMENT A (POTENTIAL WITNESSES)</u>

Each named party hereto. Plaintiffs have only just begun investigating this matter and will supplement this response as required by the Federal Rules of Civil Procedure.

## <u>ATTACHMENT B (EXPERTS)</u>

Plaintiffs have not yet determined who, if anyone, will be retained as an expert witness.

## **ATTACHMENT C (EXHIBITS)**

      Plaintiffs have only just begun investigating this matter and will supplement this response as required by the Federal Rules of Civil Procedure.

## <u>ATTACHMENT D (DAMAGES EXHIBITS)</u>

To be obtained in discovery. Plaintiffs have only just begun investigating this matter and will supplement this response as required by the Federal Rules of Civil Procedure.

## <u>ATTACHMENT E (INSURANCE AGREEMENTS)</u>

Not applicable.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all parties in this matter via email to the following attorneys of record:

> William T. Mitchell, Esq.
> Cruser & Mitchell, LLP
> Meridian II, Suite 2000
> 275 Scientific Drive
> Norcross, Georgia  30092

> David Grossman, Esq.
> Loeb & Loeb, LLP
> 10100 Santa Monica Boulevard
> Suite 2200
> Los Angeles, California 90067

This 31st day of May, 2016.

/s/ Jason W. Graham
Jason W. Graham
Georgia Bar No. 304595
Mary E. Meyer
Georgia Bar No. 427356

Graham & Jensen, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
jgraham@grahamjensen.com
mmeyer@grahamjensen.com